DILLON, Judge, concurring in part and dissenting in part.
I concur with the holding in Section II of the majority opinion regarding the admission of evidence concerning Defendant's previous incarceration.
I disagree, however, with the majority's conclusion that the kidnapping conviction should be vacated. I conclude that there was sufficient evidence to sustain the jury's finding that Defendant restrained the victim beyond the restraint inherent to the sexual assault. Specifically, as the majority concedes, the evidence showed that after Defendant completed his sexual assault of the victim on the bed, he dragged the victim onto the floor. Then , while the victim was on the floor, Defendant restrained the victim by beating and kicking the victim, preventing the victim from getting up. Granted, this separate restraint did not last long. But this restraint which occurred while the victim was on the floor was not inherent to the sexual assault which was completed while the victim was on the bed. The restraint was a separate act. Therefore, the jury's verdict should not be disturbed.[3]
In conclusion, my vote is that Defendant received a fair trial, free from prejudicial error.

I note that the jury also convicted Defendant of assault, for punching and kicking the victim while the victim was on the floor. Judge Hight, though, properly arrested judgment on the assault conviction, as the conduct supporting the jury's assault conviction was the same conduct that supported the jury's kidnapping conviction.